UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT DAVID WESSON,

    Petitioner,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

No. C 07-1437 SI (pr)

**ORDER ON INITIAL REVIEW**

## INTRODUCTION

Robert David Wesson, an inmate at the Corcoran Substance Abuse Treatment Facility, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court.

## BACKGROUND

Wesson states in his petition that he was convicted in Santa Clara County Superior Court of sodomy by force, inflicting corporal injury on a spouse, making criminal threats and attempting to dissuade a witness. He also was found to have suffered prior convictions. He was sentenced in February 2005 to a term of 102 years to life in prison. Wesson appealed. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review. Wesson then filed this action.

**DISCUSSION**

A.  Review Of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts three claims:   First, Wesson alleges that he received ineffective assistance of counsel in that counsel failed to "demonstrate reasonable doubts to the jury" on the past prior convictions offered by the prosecution to prove his propensity to commit sex offenses. Petition, p. 4.  An ineffective assistance of counsel claim would be cognizable in a federal habeas action if the petitioner identifies the claim as being a claim for a violation of the Sixth Amendment right to counsel.  Wesson did not mention the Sixth Amendment as the federal constitutional basis for his ineffective assistance claim.  The more pressing problem – discussed in section "B" below – is that Wesson admits that state court remedies have not been exhausted for the claim.  See Petition, p. 6.  Indeed, he may even be trying to raise an additional claim of ineffective assistance of appellate counsel for failing to raise the issue of trial counsel's ineffectiveness – but that claim also would be unexhausted.  See id.

Second, Wesson alleges that his rights to a "fair trial by jury under the Fifth, Sixth and Fourteenth Amendments" were violated because the prosecution was allowed under state law to prove Wesson's propensity to commit sex offenses based on the mere fact of the prior convictions without evidence of the conduct that led to those convictions.  See Petition, p. 74. Liberally construed, the claim is cognizable in a federal habeas action.

1       Third, Wesson alleges that the trial court erroneously rejected his hearsay objection to the
2  documentary evidence used to prove his prior convictions. He further alleges that the admission
3  of the hearsay evidence violated his "right under the confrontation and due process clause of the
4  state and federal [constitution]." See Petition, pp. 6, 92-93. Liberally construed, the allegations
5  state a cognizable federal habeas claim for a violation of the defendant's Sixth and Fourteenth
6  Amendment rights to confront witnesses and to due process. A federal court has jurisdiction
7  to issue the writ to remedy violations of the laws, treaties, or Constitution of the United States,
8  see 28 U.S.C. § 2254(a), but not to remedy violations of state law. Estelle v. McGuire, 502 U.S.
9  62, 67-68 (1991). This rule requires that the part of Wesson's claim that alleges that the state
10 court's rejection of his hearsay objection violated state law and the state constitution be
11 dismissed without leave to amend.

13 B.     The Mixed Petition Problem

14      As noted above, assuming a federal constitutional basis could be alleged for the
15 ineffective assistance of counsel claim (Claim 1), state judicial remedies have not been
16 exhausted for the claim, as they must before such a claim may be considered by this court. See
17 28 U.S.C. § 2254(b). Prisoners in state custody who want to challenge either the fact or length
18 of their confinement in federal court by a petition for a writ of habeas corpus are first required
19 to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by
20 presenting the highest state court available with a fair opportunity to rule on the merits of each
21 and every issue they seek to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c);
22 Duckworth v. Serrano, 454 U.S. 1, 3 (1981). Wesson admits that he did not exhaust state court
23 remedies for his ineffective assistance of counsel claim.

24      Wesson's petition contains both exhausted claims and unexhausted claims and therefore
25 is what is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005).
26 The court cannot adjudicate the merits of a mixed petition.

27      Due to a critical one-year statute of limitations on the filing of federal habeas petitions

3

1  under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. §
2  2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed
3  petition to be time-barred) without giving Wesson the opportunity to elect whether to proceed
4  with just his exhausted claims, or to try to exhaust the unexhausted claim before having this
5  court consider all the claims. Accordingly, instead of an outright dismissal of the action, the
6  court will allow Wesson to choose whether he wants to

7      (1) dismiss the unexhausted claim and go forward in this action with only the exhausted
8      claims, or
9      (2) dismiss this action and return to state court to exhaust all claims before filing a new
10      federal petition presenting all of his claims, or
11      (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim
12      in the California Supreme Court.

13  Wesson is cautioned that the options have risks which he should take into account in deciding
14  which option to choose. If he chooses option 1 and goes forward with only his exhausted claims,
15  he may face dismissal of any later-filed petition challenging the conviction. See 28 U.S.C. §
16  2244(b). If he chooses option 2, dismissing this action and returning to state court to exhaust
17  all claims before filing a new federal petition, his new federal petition may be rejected as time-
18  barred. See 28 U.S.C. § 2244(d). If he chooses option 3, he must file a motion in this court to
19  obtain a stay and (if the motion is granted) then must act diligently to file in the California
20  Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted
21  claim, and to return to this court. And under option 3, this action stalls: this court will do
22  nothing further to resolve the case while petitioner is diligently seeking relief in the California
23  Supreme Court.

24      In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed
25  habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay
26  because a stay works against several of the purposes of the AEDPA in that it "frustrates
27  AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of
28

4

1 the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas
2 proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior
3 to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate
4 when the district court determines there was good cause for the petitioner's failure to exhaust his
5 claims first in state court," the claims are not meritless, and there are no intentionally dilatory
6 litigation tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid
7 indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as
8 necessary in state court, and 30 days to get back to federal court after the final rejection of the
9 claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert.
10 denied, 538 U.S. 1042 (2003). If Wesson wants to file a motion for a stay, he needs to comply
11 with Rhines.

13 C.     A Proper Respondent Must Be Named
14      The respondent in a habeas action is "the state officer having custody of the applicant"
15 if the applicant is in custody. Rule 2 of the Rules Governing Section 2254 Cases. "The proper
16 person to be served in the usual case is either the warden of the institution in which the petitioner
17 is incarcerated . . . or the chief officer in charge of state penal institutions." Rule 2, advisory
18 committee's notes. Cf. Rumsfeld v. Padilla, 542 U.S. 426 (2004). Failure to name a petitioner's
19 custodian as a respondent deprives the federal court of personal jurisdiction. See Stanley v.
20 California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).
21      Wesson identifies the respondent as "People of The State Of California" as the
22 respondent, notwithstanding the directions on page 2 of the form petition that the State should
23 not be named as respondent and the warden usually is the correct respondent. Wesson must
24 amend to substitute in the warden of his prison as the proper respondent.
25 / / /
26 / / /
27 / / /
28

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons,

1. Petitioner must file no later than **August 3, 2007**, a notice in which he states whether he elects to (1) dismiss the unexhausted claim and go forward in this action with only the remaining claim, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claim. If he chooses Option 1 or Option 2, his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order Granting Motion To Dismiss And Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the action.

2. If petitioner chooses Option 3, petitioner also must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claim in state court before presenting them to this court (and that explanation needs to be something more than simply an assertion that they weren't presented because his attorney failed to raise the claim on appeal), that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. His motion for a stay also would have to identify the federal constitutional violation he wishes to allege and the facts in support of it. He must file the motion for a stay no later than **August 3, 2007**.

3. Petitioner must file an amendment to his petition for writ of habeas corpus to name the proper respondent. The document should have the case name and complete case number used on this order, should be labeled "Amendment To Petition," and need merely state "Petitioner files this amendment to his petition for writ of habeas corpus to substitute [insert name here] as the respondent in this action." In the place indicated, petitioner should provide

the name of the warden of his prison.  Petitioner must sign and file his amendment no later than **August 3, 2007**.  Failure to file the amendment by the deadline will result in the dismissal of this action for lack of jurisdiction.

    4.    Petitioner's in forma pauperis application is GRANTED.  (Docket # 2, # 4.)

IT IS SO ORDERED.

DATED: July 2, 2007

                                 SUSAN ILLSTON
                              United States District Judge