UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DAVID WESSON,<br><br>    Petitioner,<br><br>  v.<br><br>KEN CLARK, warden,<br><br>    Respondent.<br>_____ / | No. C 07-1437 SI (pr)<br><br>**ORDER** |

Respondent's answer to the petition for writ of habeas corpus was due to be filed by February 15, 2008, but he did not file it until May 28, 2008. It thus was more than three months late and without explanation for the missed deadline. Meanwhile, on May 6, 2008, petitioner filed a motion for default judgment, which is now before the court for review.

Petitioner's motion for default judgment is DENIED. (Docket # 12.) Federal Rule of Civil Procedure 55(b) contemplates that a default judgment may be sought <u>after</u> default has been entered against a defendant. <u>See</u> <u>also</u> <u>New York Life Ins. Co. v. Brown</u>, 84 F.3d 137, 142 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment."); <u>Lee v. Brotherhood of Maintenance of Way Employees</u>, 139 F.R.D. 376, 380 (D. Minn. 1991). Petitioner had not obtained entry of default before moving for default judgment. The answer has now been filed, so respondent is no longer in default. Therefore, default may not now be entered and default judgment is no longer a possibility.

Although the motion will be denied on the procedural ground that entry of default was not obtained before a default judgment was sought, the availability of a default judgment in any habeas action is at least questionable. Cf. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1989) ("failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"); Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1983), cert. denied, 469 U.S. 874 (1984) ("were district courts to enter default judgments without reaching the merits of the claim, it would not be the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them").

Petitioner may have been waiting for a ruling on his motion for default judgment before filing a traverse, although he too should have sought an extension of time rather than simply letting the deadline go by without notice. Petitioner's traverse must be filed and served on respondent's counsel no later than **November 21, 2008.**

Respondent's counsel and petitioner are cautioned that they need to be more mindful of deadlines. When one will be unable to make a deadline, he needs to file a request for an extension of that deadline rather than just make a late filing, especially when the deadline is missed by so many months.

IT IS SO ORDERED.

DATED: October 28, 2008

SUSAN ILLSTON
United States District Judge